UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DARRYL A. ROBINSON,

        Petitioner,                      Case No. 1:16-cv-225

v.                                           Honorable Paul L. Maloney

DeWAYNE BURTON,

        Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at Richard A. Handlon Correctional Facility. Petitioner pleaded guilty in the Muskegon County Circuit Court to second-degree murder. On July 1, 1983, the trial court sentenced Petitioner to life imprisonment.[1]

        Petitioner filed a previous habeas corpus petition in this Court challenging his 1983 conviction, which was dismissed with prejudice because it was barred by the one-year statute of limitations. *See Robinson v. Luoma*, No. 2:05-cv-196 (W.D. Mich. Jan. 4, 2006).[2] Because Petitioner's previous

---

[1] *See* Michigan Department of Corrections Offender Tracking Information System at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=172898.

[2] Petitioner has, in fact, filed numerous other petitions for writ of habeas corpus, many of which were transferred to the Sixth Circuit. *See, e.g. Robinson v. Royster*, No. 1:13-cv-753 (W.D. Mich. July 24, 2013); *Robinson v. Royster*, 1:13-cv-495 (W.D. Mich. May 21, 2013); *Robinson v. Romanowski*, 2:12-cv-304 (W.D. Mich. Aug. 29, 2012); *Robinson v. Romanski*, No. 1:11-cv-491 (W.D. Mich. June 1, 2011); *Robinson v. Wolfenbarger*, No. 1:11-cv-112 (W.D. Mich. Feb. 9, 2011); *Robinson v. Wolfenbarger*, No. 1:09-cv-560 (W.D. Mich. June 25, 2009).

habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[3] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with

---

[3]When the initial petition is filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). Petitioner's previous habeas action was dismissed as time-barred, thus the instant petition is second or successive. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

| | |
|---|---|
| March 21, 2016 | /s/ Paul L. Maloney |
| Date | Paul L. Maloney |
| | United States District Judge |